UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WILLIAM PAUL DAHN, et al.,

Plaintiffs,

v.

(COHEN) BJORKMAN, et al.,

Defendants.

Civil No. 02-332 (JMR/FLN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on the application of Plaintiff William Paul Dahn for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be summarily dismissed.

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that is "frivolous" or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

FILED FEB 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, the complaint is simply incomprehensible. Even after carefully scrutinizing it, the Court is unable to discern anything about the facts or legal theories (if any) on which the plaintiffs' claims are based. In fact, it is not even possible to identify who the plaintiffs and defendants are in this case, because the complaint is so jumbled and disjointed. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), the complaint clearly fails to state any cause of action on which relief could be granted.

Moreover, even under the old "frivolous" standard, (see footnote 1, supra), the instant complaint must be dismissed, because plaintiffs have not made "any rational argument in law or fact entitling [them] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990). Plaintiffs' complaint is so utterly incomprehensible that it can properly be described as "frivolous." See Day v. Feinstein, No. C 96-1796 FMS (N.D.Cal. 1996) 1996 WL 308260 at *1 ("[a] complaint that is totally incomprehensible may be dismissed as frivolous because it is without arguable basis in law").

Thus, the Court concludes that Plaintiff Dahn's IFP application should be denied, and that this action should be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii), because the complaint fails to state a cause of action on which relief can be granted, and also pursuant to § 1915(e)(2)(B)(i), because the complaint is frivolous.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff William Paul Dahn's Application to Proceed Without Prepayment of Fees (Docket No. 2) be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Dated: February 15, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.